[Cite as *Easley v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1252.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants

Case No. 2010-11862

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶1} On November 28, 2011, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} At all times relevant, plaintiff was an inmate in the custody and control of defendant, Department of Rehabilitation and Correction, at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff alleges that on May 27 or 28, 2010, Corrections Officer Frazer assaulted him in the L3 block of SOCF.[1] Plaintiff alleges that Frazer "lied on me slammed me into mop closet knock head on concrete sink and floor."

{¶5} Defendants argue that Frazer was privileged to use force against plaintiff in the incident described in the complaint.

{¶6} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶7} "(2)  Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶8} "(a)  Self-defense from physical attack or threat of physical harm;

{¶9} "(b)  Defense of another from physical attack or threat of physical attack;

{¶10} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶11} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶12} "(e) Prevention of an escape or apprehension of an escapee; or

{¶13} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

---

[1]The remainder of plaintiff's claims were dismissed by the court on February 7, 2011.

{¶14} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶15} In support of its motion, defendant filed Frazer's affidavit, wherein he states:

{¶16} "1. I am currently employed full-time by Defendant, the Ohio Department of Rehabilitation and Correction (DRC) as a corrections officer at [SOCF].

{¶17} "2. I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶18} "* * *

{¶19} "6. On May 27, 2010, I was working as the L-3 Block Officer and had begun to take inventory of the porter closet prior to locking it up in anticipation of the next shift change.

{¶20} "7. While I was beginning to lock the porter closet, [plaintiff] began to run down the upper level range towards me.

{¶21} "8. As [plaintiff] came towards me, I gave him two direct orders to return to his cell and lock up.

{¶22} "9. [Plaintiff] disobeyed my direct orders to return to his cell and lock up.

{¶23} "10. [Plaintiff] charged at me and nearly knocked me to the ground.

{¶24} "11. I was able to gain control of the situation by placing [plaintiff] up against the wall and cuffing him.

{¶25} "12. While cuffing [plaintiff], he made verbal threats towards me and my family.

{¶26} "13. No other force was used.

{¶27} "14. The force used was necessary to defend myself from [plaintiff] who charged at me and nearly knocked me to the ground.

{¶28} "15. The force used was also necessary to control and subdue [plaintiff] who refused to obey prison rules, regulations, or orders.

{¶29} "16. Attached to this Affidavit as Exhibit 1 is a true and accurate copy of the Incident Report that I completed after the May 27, 2010 incident with [plaintiff]."

{¶30} Plaintiff did not file an affidavit or any other evidence to counter the affidavit testimony presented by defendants. Civ.R. 56(E) provides, in part, that: "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶31} Based upon the uncontested affidavit testimony from Frazer, the only reasonable conclusion to reach is that he was privileged to use force against plaintiff during the May 17, 2010 incident and that his use of force did not exceed the privilege. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Ashley L. Oliker                      David Easley, #306-400
Assistant Attorney General            P.O. Box 45699
150 East Gay Street, 18th Floor       Lucasville, Ohio 45699
Columbus, Ohio 43215-3130

MCR/dms
Filed January 24, 2012
To S.C. reporter March 23, 2012